UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERTA JACKSON,**<br><br>Plaintiff,<br><br>v.<br><br>**HOWMEDICA OSTEONICS CORPORATION, et al.,**<br><br>Defendants. | **Civil Action No. 19-18667 (JMV)**<br><br>REPORT AND RECOMMENDATION |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Roberta Jackson ("Plaintiff" or "Jackson") to remand this case to the Superior Court of New Jersey, Bergen County, Law Division. *See* Dkt. No. 5. Plaintiff's motion is opposed by Defendant Howmedica Osteonics Corporation ("Howmedica" or "Defendant"). *See* Dkt. No. 8. For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to remand [Dkt. No. 5] be **GRANTED**.

**I.   BACKGROUND**

This case is one of many brought by several plaintiffs who have individually and separately sued Defendant in New Jersey state court alleging that they received injuries resulting from Defendant's Trident® Tritanium™ Acetabular System (the "Device"), which is one of several components intended to be implanted as part of an artificial hip replacement system.[1] Dkt. No. 1 at Ex. A ("Compl.").

---

[1] As of the date of this Report and Recommendation, the cases at issue are: *Fusco, et al. v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15040 (JMV-JBC), *Johnson v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15078 (JMV-JBC), *Wyche v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15085 (JMV-JBC), *Shafer-Jones, et al. v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15111 (JMV-JBC), *McCracken. v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15137 (JMV-JBC),

After each plaintiff filed suit against Howmedica in New Jersey state court, Howmedica, which is incorporated and has its principal place of business in New Jersey, removed each case to this Court on the basis of diversity. The plaintiffs in these matters subsequently filed motions to remand. The present dispute turns on whether Howmedica's removal was proper under 28 U.S.C. § 1441(b), the forum defendant rule, which bars removal to federal court based on diversity jurisdiction if the case is filed in a state court in which a "properly joined and served" defendant is a citizen.

For purposes of the instant motions to remand, these cases fall into two broad categories. In the first category, which includes the cases brought by plaintiffs Fusco, Johnson, Wyche, Shafer-Jones, McCracken, D'Alessandro and Wolfe, the plaintiffs properly served Defendant via service on its registered agent, Corporation Trust Company ("CT Corp"), prior to Defendant effectuating removal. In the second category of cases, which includes the cases brought by plaintiffs Brown, Ward, Gorman, Jackson, Kennedy, Wygle and Brancati, the plaintiffs also properly served CT Corp prior to Defendant effectuating removal. However, in the second category, in addition to serving CT Corp, the plaintiffs attempted simultaneously to serve Defendant at its corporate headquarters in Mahwah, New Jersey. These plaintiffs claim that their attempts to serve Defendant at its corporate headquarters were unsuccessful because Defendant deliberately delayed accepting service until the process of removal had been completed.

---

*D'Alessandro v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15147 (JMV-JBC), *Wolfe v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-15152 (JMV-JBC), *Brown, et al. v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-17984 (JMV-JBC), *Ward v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-17986 (JMV-JBC), *Gorman v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-18665 (JMV-JBC), *Jackson. v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-18667 (JMV-JBC), *Kennedy v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-19304 (JMV-JBC), *Wygle, et al. v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 20-549 (JMV-JBC), and *Brancati v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 20-704 (JMV-JBC).

Because the various motions to remand filed in these actions shared common issues of law, the parties conferred and agreed that the most efficient manner for the Court to address the pending motions would be to select one case that encompassed the various issues raised and to apply the final decision in that case to the remaining motions. The parties agreed that the present matter, filed by Plaintiff Roberta Jackson, is representative of the issues presented in these cases.[2] Although the cases fall into two broad categories as set forth above, the parties agreed that a decision in this matter, which falls into the second category of cases, would sufficiently address the issues raised by the cases in both categories.

Jackson, a citizen of Ohio, was implanted with the Device on December 14, 2010. Compl. at ¶ 32. Thereafter, Plaintiff allegedly experienced complications requiring subsequent medical treatment. Plaintiff commenced her action on October 3, 2019 at 9:15 A.M. by filing a Complaint against Defendant in the Bergen County Superior Court. Dkt. No. 5-2, Certification of Brendan A. McDonough, Esq. at ¶ 3. At 9:39 A.M., Plaintiff's counsel provided the filed Complaint and other service documents via e-mail to process servers stationed at the office of Defendant's registered agent, CT Corp, in West Trenton, New Jersey, and at Defendant's corporate headquarters in Mahwah, New Jersey. *Id.* at ¶ 4. Process was served on CT Corp at 9:53 A.M. *Id.* at ¶ 5. While the process server stationed at Defendant's corporate headquarters was still waiting to serve Defendant, Defendant was in the process of filing its Notice of Removal in this Court, which was timestamped at 10:29 A.M. *See* Dkt. No. 1 ("Notice of Removal"). Plaintiff received notification

---

[2] The parties initially selected the case brought by Plaintiff Colleen Kennedy. S*ee Kennedy v. Howmedica Osteonics Corporation, et al.*, Civil Action No. 19-19304 (JMV-JBC). However, the parties' briefing in *Kennedy* does not include the parties' overarching arguments regarding the propriety of Defendant's removal of these matters and instead calls the Court's attention to testimony given during a congressional hearing regarding the forum defendant rule, which Plaintiff claims reinforces her position that the removal of this matter was improper. Accordingly, the parties agreed to proceed with the *Jackson* matter and requested that in the Court address the additional arguments raised in the *Kennedy* matter in this Report and Recommendation. The Court has reviewed the additional arguments raised in *Kennedy* and finds that they have no impact on the outcome of this motion. Therefore, the Court declines to address them at this juncture.

of Defendant's removal via e-mail notification from New Jersey state court at 10:33 A.M. McDonough Cert. at ¶ 7. At 11:03 A.M., Defendant accepted service at its corporate headquarters. *Id.* at ¶ 8.

The process server stationed at Defendant's corporate headquarters, identified as James Nicoletti, claims that upon his arrival at approximately 9:39 A.M., he notified a security guard, identified as Walter Rea, that he was there to "serve a civil lawsuit." *See* Dkt. No. 5-8, Certification of James Nicoletti at ¶¶ 2-3. Mr. Rea then made a telephone call and informed Mr. Nicoletti that an individual identified as Katherine Weller-Demming was "on their way down." *Id.* at ¶ 3. At approximately 9:59 A.M., Mr. Nicoletti asked Mr. Rea if another individual, identified as Armin Wanczyk, was available to accept service. *Id.* at ¶ 4. In response, Mr. Rea advised that Mr. Wanczyk "only comes down in an emergency." *Id.* At approximately 10:20 A.M., Mr. Nicoletti, still waiting for Ms. Weller-Demming, approached Mr. Rea to inquire as to whether Mr. Rea could accept service. *Id.* at ¶ 5. Mr. Rea informed Mr. Nicoletti that he was an outside contractor and therefore was not authorized to accept service. *Id.* At 11:03 A.M., nearly an hour and a half after Mr. Nicoletti arrived at Defendant's corporate headquarters, and approximately thirty minutes after Defendant's Notice of Removal was filed with this Court, Ms. Weller-Demming appeared and accepted service. *Id.* at ¶ 7.

**II.    LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court." The defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108,

111 (3d Cir. 1990). After a case has been removed, the district court, however, may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

In cases where subject matter is based on diversity jurisdiction, *see* 28 U.S.C. § 1332, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Superm. of the Virgin Isl., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Additionally, Section 1441(b)(2) imposes another condition on removal known as the "forum defendant rule," which provides that an "action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "[T]he forum defendant rule prohibits removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *In Re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-03610, 2014 WL 4954654, at *3 (D.N.J. Oct. 1, 2014) (citing *Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999)).

### III.   DISCUSSION

At issue in the present motion is whether Defendant's removal of this matter was improper under the forum defendant rule. Plaintiff contends that because Defendant, a citizen of New Jersey, was properly served via service on its registered agent, CT Corp, prior to removal, Defendant's removal to this Court was barred by the forum defendant rule. In response, Defendant argues that although Plaintiff served CT Corp prior to removal, that service did not act to prevent removal under the forum defendant rule because Defendant was not "properly joined and served" until it actually received a copy of the Summons and Complaint from CT Corp in the evening of October 3, 2019, at which time Defendant had already completed the process of removal.

Defendant's arguments in opposition to Plaintiff's motion result from Defendant's novel combination of the United States Court of Appeals for the Third Circuit's recent holding in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) and a decision by the Honorable Jerome B. Simandle, U.S.D.J., of this district in *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 631 (D.N.J. 2009). In *Encompass*, the Third Circuit found that the plain text of the forum defendant rule unambiguously requires that an in-state defendant be "properly joined and served" to preclude removal, regardless of whether such an interpretation would "allow [a defendant] to use pre-service machinations," such as delaying formal service of process, "to remove a case that it otherwise could not." *Encompass*, 902 F.3d at 153-54. In so finding, the Third Circuit stated that while "[r]easonable minds might conclude that the procedural result demonstrates a need for a change in the law . . . if such change is required, it is Congress – not the judiciary – that must act." *Id.* at 154.

At issue in *Tucci* was whether the thirty-day removal period set forth under 28 U.S.C. § 1446(b) commences "when the summons and complaint are served only on a defendant's statutory agent. . . ." *Tucci*, 600 F. Supp. 2d at 631. The Court, noting that "[s]tatutory agents, unlike agents in fact, have both limited purpose and limited power," held that "where service is made on a statutory agent, *rather than on an agent appointed by the defendant*, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the initial pleading." *Id.* at 633, 636 (emphasis added).

According to Defendant, "the combined holdings of [*Encompass* and *Tucci*] lead to the inexorable conclusion that service upon a defendant's statutory/designated-service agent is not considered 'properly joining and serving' a defendant" under the forum defendant rule. Dkt. No. 8 at p. 3. Stated differently, Defendant argues that although service was completed on CT Corp

6

prior to removal, *Tucci* rendered that service incomplete until the Complaint was later transmitted by CT Corp to Defendant, and *Encompass* permitted Defendant to intentionally delay service at its corporate headquarters until removal could be effectuated. While Defendant is indeed correct that under *Encompass* removal is not improper under the forum defendant rule unless a defendant has been "properly joined and served," regardless of whether that defendant acted to delay service, Defendant's contention that service was not complete for the purposes of the forum defendant rule until Defendant actually received notice of such service from its registered agent finds no support in *Tucci* or in any other case cited by Defendant.

Defendant's argument that *Tucci* creates an exception to the application of the forum defendant rule where only a defendant's registered agent is served prior to removal suffers from two fatal flaws. The first flaw arises from Defendant's attempt to expand the exception set forth in *Tucci* to apply to registered agents. The Court in *Tucci* made it abundantly clear that the limited exception to the thirty-day removal period applies only "where service is made on a statutory agent, rather than an agent appointed by the defendant." *Tucci*, 600 F. Supp. 2d at 636. However, despite the limited nature of the exception set forth in *Tucci*, Defendant now argues that the underlying rationale should apply equally to service on registered agents. A review of *Tucci* leads the Court to conclude the opposite.[3]

---

[3] Similarly unavailing is Defendant's apparent attempt to classify CT Corp as something more akin to a statutory agent rather than a registered one by referring to CT Corp as its "designated-service agent." Dkt. No. 8 at p. 5. Under New Jersey law, every domestic or foreign corporation is required to appoint a registered agent for service of process. *See* N.J.S.A. 14A:4-1. However, that statutory requirement "does not make the resulting receiver of process a 'statutory agent.' Rather, the corporation has the power to designate its own agent and, thus, has a greater deal of control than it has over a statutory agent. True statutory agents are government officials who are designated to receive service of process or other documents under state law . . . [and] are not agents in fact, but . . . are merely mediums for the transmission of important papers." *Val Energy, Inc. v. Ring Energy, Inc.*, No. 14-1327-RDR, 2014 WL 5510976, at *2 (D. Kan. Oct. 31, 2014). CT Corp is undisputedly Defendant's registered agent and any effort by Defendant to cast it in the role of statutory agent is undertaken in vain.

In finding that service upon a statutory agent does not trigger the thirty-day removal period, the Court in *Tucci* recognized the differences between statutory agents and registered or appointed agents, which renders service on the former ineffective for the purposes of Section 1446(b) "until the defendant has actually received a copy of the initial pleading . . . ." *Id.* "Statutory agents," the Court reasoned, "unlike agents in fact, have both limited purpose and limited power. In fact, they are not true agents but are merely a medium for transmitting the relevant papers." *Id.* at 633 (citations omitted). Because of "the statutory agent's limited authority, courts have found, and this Court finds, that receipt by a statutory agent does not constitute 'receipt by the defendant' under Section 1446(b)." *Id.* at 634 (citations omitted).

While Defendant now urges the Court to find that a similar exception should apply to service on a registered agent in the context of the forum defendant rule, *Tucci*, along with subsequent cases applying its ruling, makes clear that the exception to the thirty-day removal period is specifically and intentionally limited to service on a statutory agent, and Defendant has failed to provide any support for its argument to the contrary. *See Pease v. Am. Family Life Ins. Co. of Columbus (AFLAC)*, No. CV1817667RMBKMW, 2019 WL 3451582, at \*2 (D.N.J. July 31, 2019) (stating that "the result in *Tucci* is still appropriate today: where service is made on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the initial pleading.")

Even assuming, *arguendo*, that Defendant had succeeded in convincing the Court that the exception set forth in *Tucci* should apply to registered agents as well as statutory agents, the second irreparable flaw in Defendant's argument arises from Defendant's failure to differentiate between Section 1446(b), which was at issue in *Tucci*, and Section 1441(b)(2), which is at issue in the

present matter. The exception recognized in *Tucci*, which Defendant now argues should apply to permit the removal of this case, was discussed and applied solely in the context of the thirty-day removal period set forth in Section 1446(b).

Pursuant to Section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). At issue in *Tucci* was whether service only on a defendant's statutory agent was sufficient to satisfy Section 1446(b)'s requirement of "receipt by the defendant . . . of a copy of the initial pleading" in order to trigger the commencement of the thirty-day removal period. The Court, answering this question in the negative, found that because "[s]tatutory agents, unlike agents in fact, have both limited purpose and limited power," service on a statutory agent does not constitute "receipt by the defendant," and thus, "the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the initial pleading." *Tucci*, 600 F. Supp. 2d at 633, 636.

Defendant now claims that *Tucci* "lead[s] to the inevitable conclusion that even when a plaintiff serves a defendant's statutory agent/designated service agent, so long as the defendant properly removes the case before it receives service from said agent, the removal is appropriate" under the forum defendant rule. Dkt. No. 8 at p. 7. This argument, however, fails to recognize that unlike Section 1446(b), which requires "receipt by the defendant" of a copy of the complaint to trigger its application, Section 1441(b)(2), which is at issue in the present case, is triggered when the forum defendant is "properly joined and served" in accordance with state law. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (stating that the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law . . . ."). Because the forum defendant rule requires only that a defendant be "properly joined and served"

and does not mention or mandate a defendant's actual receipt of the complaint, the Court's findings in *Tucci* related to whether service on a statutory agent satisfied Section 1446(b)'s requirement of *receipt* of a complaint are wholly unenlightening when considering whether Defendant's removal here violated Section 1441(b)(2).

Despite Defendant's arguments, it is clear that the exception set forth in *Tucci* applies only to service on statutory agents and only in the context of Section 1446(b). The Court finds no support for Defendant's contention that an exception to the applicability of the forum defendant rule exists, or should exist, where process is served only via service on a defendant's agent.

Having found that no such exception exists, the Court must now determine whether, in light of Plaintiff's pre-removal service on CT Corp, Defendant's removal of this action was prohibited by the forum defendant rule. As stated by the Third Circuit in *Encompass,* "the language of the forum defendant rule in section 1441(b) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship . . . when the defendant has been properly joined and served." *Encompass*, 902 F.3d at 152. Although Defendant does not contend that Plaintiff's service on CT Corp was technically defective in any respect, Defendant claims that New Jersey law recognizes a "legal 'separation' between defendants and agents" which is "not limited to the removal context." Dkt. No. 8 at p. 6 (citing N.J.S.A. 14A:1-1).

Defendant is indeed correct that New Jersey law differentiates between corporations and their agents in certain contexts, such as that concerning the issue of general jurisdiction. Dkt. No. 8 at p. 6-7 (citing *Display Works, LLC v. Bartley*, 182 F.Supp.3d 166, 173) (finding that a company's "regist[ration] to do business in the state" and its designation of an agent for service of process alone is not enough to allow the court to exercise general jurisdiction over the defendants)). However, while the distinction between a corporation and its agent may be necessary in certain

10

scenarios, New Jersey law is clear that a corporation is properly served with process via service on its appointed agent. *See* N.J.S.A. 14A:4-2(1) ("[e]very registered agent shall be an agent of the corporation which has appointed him, upon whom process against the corporation may be served."). N.J.S.A. 14A:4-2(1).

Here, it is undisputed that service was effectuated on CT Corp, Defendant's registered agent, at 9:53 A.M. on October 3, 2019, approximately thirty minutes before Defendant filed its Notice of Removal at 10:29 A.M. Therefore, because Defendant had already been "properly joined and served" via service on CT Corp, its removal of this matter to this Court was improper under the forum defendant rule. Accordingly, the Court respectfully recommends that Plaintiff's motion to remand [Dkt. No. 5] be **GRANTED**.[4]

## IV. CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Federal Rule of Civil Procedure 78;

**IT IS** on this 15th day of June, 2020,

**RECOMMENDED** that Plaintiff's motion to remand [Dkt. No. 5] be **GRANTED**; and it is further

---

[4] Because the Court finds that Plaintiff's service on CT Corp prior to Defendant's removal of this matter rendered that removal improper under the forum defendant rule, the issue of whether Defendant purposefully evaded service at its corporate headquarters has no impact on the outcome of the present motion. However, although "pre-service machinations" designed to delay service are seemingly permitted under *Encompass*, the Court cautions that Plaintiff's allegations regarding Defendant's conduct, if true, demonstrate behavior unbecoming of litigants in this this Court. While this Court has "decline[d] to rule on whether there might be some instances in which a defendant's tactics in delaying service are so egregious that removal would be improper," Defendant's alleged conduct in "purposefully making agents unavailable" is more egregious than the conduct found to be acceptable in the cases cited by Defendant in support of its present position. *Dutton v. Ethicon, Inc.*, 423 F. Supp. 3d 81, n.4 (D.N.J. 2019) (stating that although the plaintiff alleged that the defendant delayed service by closing their office for the holidays, there was no allegation that defendant "deliberately delayed service by, for example, purposefully making agents unavailable.").

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**